IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| Texas Capital Bank §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>United States Department of Housing and §<br>Urban Development and Government §<br>National Mortgage Association §<br>§<br>*Defendants*. §<br>§ | Civil Action No. 2:23-cv-00156<br><br>Judge Kacsmaryk |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Texas Capital Bank ("TCB" or "Plaintiff"), by and through its attorneys, respectfully opposes Defendants' Motion to Stay Discovery under Federal Rule of Civil Procedure 26(c). Because the Defendants (hereinafter, the "Government") have failed to carry their burden to demonstrate "good cause" for a stay of discovery, the Government's motion should be denied.

**<u>PROCEDURAL BACKGROUND</u>**

Pursuant to the Court's December 18, 2023 order, Doc. 24, TCB met and conferred in good faith with the Government regarding proposed scheduling deadlines in the last half of December 2023 and filed a stipulated joint scheduling order on January 4, 2024, Doc. 28. There was no mention of a stay during those negotiations. The Government notified TCB (and the Court) for the first time of its desire to seek a stay of discovery, in conflict with the District Court's general preference for "cases to move along even while motions are pending," during the January 10, 2024 Scheduling Conference. *See* Tr. of Jan. 10, 2024 Sch. Conf. at 8:8-17, 12:17–19. In light of the Government's revelation, the Court set a January 17, 2024 deadline for the parties to file either an amended joint proposed scheduling order or other advisory. Doc. 29. The Government did not

request any modifications to the joint proposed scheduling order, Doc. 31, and the Court issued a final scheduling order on January 22, 2024, Doc. 32. Only on January 30, 2024—almost three weeks after the Scheduling Conference and more than a week after the Court issued its final scheduling order—did the Government finally file its motion seeking a stay, Doc. 35. TCB agrees with the District Court's general preference and opposes the Government's motion.

## LEGAL STANDARDS

"[A] stay is not . . . automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) (quotation omitted). "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). In determining whether to exercise discretion and grant a stay of discovery, courts usually consider: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *See Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (quotation omitted).

"[I]n this district, staying discovery while a motion is pending 'is the exception rather than the rule.'" *LeCroy v. Canon, U.S.A., Inc.*, 2021 WL 5284135, at *1 (N.D. Tex. Apr. 7, 2021) (quoting *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)); *accord Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). As the Court told the parties at the January 10, 2024 Scheduling Conference, "[the District Court] prefers [its] cases to move along even while motions are pending . . . ." Tr. of Jan. 10, 2024 Sch. Conf. at 12:17–19. The preference to avoid staying discovery while motions are pending protects the well-recognized interests in efficiency and

judicial economy. *See Fed. Nat'l Mortg. Ass'n v. K.O. Realty, Inc.*, 2014 WL 12588308, at *1 (N.D. Tex. Feb. 4, 2014) ("[S]taying discovery pending resolution of a motion to dismiss is not an efficient means of managing litigation because it unnecessarily prolongs the ultimate resolution of the parties' claims.").

## ARGUMENT

The Government has not met its burden to make a particular and specific demonstration of fact to show "good cause" for a stay of discovery including as to (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the Government's dispositive motion.

### A.   TCB Seeks Limited Discovery

Contrary to the Government's claim that TCB's discovery requests are overbroad, Doc. 34 at 5-7, the discovery TCB requested so far consists only of eleven document requests. Moreover, the overall scope of discovery in this case is limited as both parties agree the relevant time period is short. This is not a case about a series of transactions occurring over the course of a decade. The dispute arose just 15 months ago, shortly after Reverse Mortgage Funding LLC ("RMF") filed for bankruptcy on November 30, 2022. The Government's position is that "anything that happened after December 20, 2022"—when the Government announced the extinguishment of RMF's interests—"is legally irrelevant to any claims or defenses [the Government] currently intend[s] to raise." *See* Jan. 30, 2024 e-mail from S. Huang to I. Nesser *et al* attached here as Exhibit A. Although TCB does not intend to limit discovery to a period of 20 days, TCB does intend to focus discovery on the at-issue transactions and related communications that transpired between December 2022 and April 2023—a period of five months. The discovery TCB seeks outside of that period will be targeted.

3

### B.     TCB Does Not Seek Burdensome Discovery

The discovery requests TCB propounded to date have not imposed any undue burden on the Government. Eleven is not a large number of document requests but the Government has objected to producing the lion's share. The Government has offered to produce responsive documents subject to various objections for only three of TCB's eleven requests. As to the remainder, the Government has not offered to produce *any* documents for four requests and has offered to produce a limited scope of documents subject to various objections for the remaining four requests. The parties should proceed to negotiate the scope of the productions. The parties can address the Government's objections and ensure the scope is reasonable by negotiating custodians, search terms, and date parameters. That process is not burdensome. Rather than stay discovery across the board, the Court should allow "decisions about whether to permit specific discovery [to] be made in the contexts in which they arise." *Sedillo v. Team Techs., Inc.*, 2020 WL 5411697, at *3 (N.D. Tex. Sept. 9, 2020).

The Government also mistakenly and without specificity argues that discovery here would be burdensome due to anticipated depositions of officials including of Government National Mortgage Association's ("Ginnie Mae") President and a Federal Housing Administration ("FHA") Commissioner. Doc. 34 at 7. *First*, there is no present burden related to depositions as none have been noticed in this case yet. *Second*, any discovery sought from such officials will not be unduly burdensome or intrusive. As set forth in the sworn affidavit of Madison Simm, Ginnie Mae's President assured TCB in December 2022 that TCB would be repaid for loans it made to RMF via TCB's lien on certain collateral even if Ginnie Mae were to seize RMF's mortgage servicing rights. *See* Doc. 1 Ex. A at ¶ 5. The affidavit further states that FHA's Commissioner disagreed with Ginnie Mae when Ginnie Mae went back on its assurances and took a new position on March 9,

4

2023 that TCB could not be repaid via its lien on the collateral. *See id.* Ex. A at ⁋ 10. Although these potential recipients of discovery are high-level government officials, the Government does not dispute that they participated directly in the relevant events, and TCB will be respectful of their time and responsibilities including by targeting specific communications during the four-month time period from December 2022 through March 2023. *Finally*, the Government's desire to shield officials from admitting a promise was made and subsequently broken in the case of Ginnie Mae's President and from confirming straightforward statements were made in the case of FHA's Commissioner is not a basis to grant a stay of discovery.

C.     **The Government Is Unlikely To Prevail On Its Motion To Dismiss**

The dismissal of all TCB's claims is highly unlikely. There are a variety of ways the Court could resolve the Defendants' motion to dismiss. Every outcome save one—the dismissal of all TCB's claims—results in this case continuing on to the next phase of litigation. And even if the Court did dismiss all TCB's claims, TCB would likely get an opportunity to replead—whether in this Court or another. *See Stanissis*, 2014 WL 7183942, at *1 (denying a motion to stay discovery pending a motion to dismiss because the plaintiffs would almost certainly be given an opportunity to replead even if all their claims were dismissed). In all scenarios, the scope of discovery would likely remain the same.

TCB's opposition to the Government's motion to dismiss will be filed tomorrow and will present at length why the Government's motion to dismiss lacks merit and should be denied; the most salient arguments are summarized below. Here, TCB need only "identif[y] potential shortcomings" in the Government's motion to dismiss which "cut against its likelihood of success." *Lecroy*, 2021 WL 5284135, at *1. To start, much of the Government's motion misses the mark because it seeks dismissal of claims TCB never brought. TCB is not bringing (1) an APA

claim based on a violation of the Constitution, (2) an APA claim based on a breach of contract theory, or (3) a tortious interference with contract claim under Texas law. As for the three claims TCB did allege in its Complaint, the Government's motion to dismiss has serious flaws for the reasons summarized below.

### 1. TCB's APA Claim Is Properly Pled

TCB first alleges an Administrative Procedure Act ("APA") claim that Ginnie Mae exceeded its statutory authority when it purported to extinguish TCB's rights to tens of millions of dollars in collateral. Doc. 1 ¶¶ 83-90; 5 U.S.C. § 706(2). The APA "allows courts to set aside agency action found to be, among other things, 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.'" *VanDerStok v. Garland*, 86 F.4th 179, 187-88 (5th Cir. 2023) (quoting 5 U.S.C. § 706(2)(C)). In its motion to dismiss, the Government does not come close to showing that TCB's APA claim should be dismissed. The Government devotes most of its attention to establishing that Ginnie Mae had authority to extinguish *RMF's mortgage-servicing rights* pursuant to Ginnie Mae's contract with RMF. Doc. 30-1 at 11-12. But that is not the question in this case. The question is whether Ginnie Mae had authority to *extinguish TCB's rights in the tails*. It did not, for multiple independent reasons. The governing statute authorizes Ginnie Mae to extinguish the rights of mortgage "issuers," 12 U.S.C. § 1721(g)(1), but TCB is not an issuer. The statute authorizes Ginnie Mae to extinguish interests in "mortgages," *id.*, but tails are not mortgages. And, the statute authorizes Ginnie Mae to provide for extinguishment "by contract," *id.*, but Ginnie Mae and TCB had no such contract. On top of that, Ginnie Mae committed *not* to extinguish TCB's rights—only to reverse course without acknowledgment, explanation, or consideration of reliance interests, all of which are hallmarks of an APA violation.

6

Finally, and at the very least, there are significant factual disputes that render dismissal on the face of the complaint improper.

    2.    <u>TCB's State Law Claims Are Properly Pled</u>

The Government asserts that a stay of discovery is warranted because an exception to the Federal Tort Claims Act's ("FTCA") statutory waiver of sovereign immunity applies to TCB's state law claims. Doc. 34 at 3-5. Several of the cases the Government cites for support involve state sovereign immunity or qualified immunity where no affirmative statutory waiver of immunity existed. *See, e.g.*, *In re Paxton*, 60 F.4th 252, 257 (5th Cir. 2023); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022); *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990). This case is different. Here, the FTCA undisputedly contains a waiver of sovereign immunity. 28 U.S.C. § 1346(b)(1); *see Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020). And TCB pled its state law tort claims pursuant to that affirmative statutory waiver. In its motion to dismiss, the Government attempts to argue that *exceptions* to the FTCA's recognized waiver of sovereign immunity apply. When the Government waives sovereign immunity by statute and is attempting to *reassert* it by arguing that a statutory exception to the waiver applies, the Fifth Circuit cases do not mandate a stay of discovery.[1]

The Government also wrongly claims in its motion to dismiss that TCB needed to specifically plead exceptions to the FTCA and that those exceptions should be construed broadly in favor of sovereign immunity. Doc. 30-1 at 20. Neither assertion is legally correct. In the FTCA

---

[1] At a minimum, TCB is entitled to limited discovery on "specific facts crucial to an immunity determination." *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 849-52 (5th Cir. 2000) (quotation omitted). TCB is therefore entitled to seek limited discovery on the factual allegations relevant to TCB's state law claims because these allegations go directly to the questions of whether the misrepresentation and tortious interference with contract exceptions to the FTCA's waiver of sovereign immunity apply (they do not).

context, plaintiffs bear the burden to allege "a claim that is facially outside of the [FTCA's] exception[s]" but a plaintiff need not "plead around" the FTCA in its complaint. *Gibson v. United States*, 809 F.3d 807, 811 n.1 (5th Cir. 2016) (emphasis added) (quoting *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009)). And the FTCA's exceptions are not construed broadly in favor of the sovereign because "'unduly generous interpretations of the exceptions [to the FTCA] run the risk of defeating the central purpose' of the FTCA." *Joiner*, 955 F.3d at 404 (quoting *Dolan v. United States Postal Serv.*, 546 U.S. 481, 491-92 (2006)).

In any case, sovereign immunity does not bar either of TCB's state law claims. The Government argues that sovereign immunity bars TCB's promissory estoppel claim because the FTCA's misrepresentation exception applies. Doc. 30-1 at 20. But the FTCA's misrepresentation exception does not apply where the "misrepresentation" is not the "focal point of the claim" but rather is "merely collateral to" the claim. *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011) (quotation omitted). Here, TCB alleges that Ginnie Mae offered assurances including on December 9, 2022 and that Ginnie Mae meant those assurances at the time and only later went back on those assurances after TCB had already acted in substantial reliance on them. Therefore, TCB's promissory estoppel claim is not one where the "focal point of the claim" is a misrepresentation. Similarly, the FTCA's exception for claims of tortious interference with contract rights does not apply here because TCB is bringing a claim for tortious interference with *property* rights—a distinct and well-recognized claim under Texas law—and TCB's property interest does not derive from a contract or prospective contract. *See, e.g.*, *Suprise v. DeKock*, 84 S.W.3d 378, 380 (Tex. App.–Corpus Christi 2002, no pet.) ("[A]ny intentional invasion of, or interference with, property, property rights, personal rights or personal liberties causing injury

8

without just cause or excuse is an actionable tort." (quotation omitted)).  Sovereign immunity does not bar either of TCB's state law claims and both are properly pled.

## CONCLUSION

TCB respectfully requests that the Court deny the Government's Motion to Stay Discovery.

Date: February 20, 2024                    Respectfully submitted,

                                                                  */s/C. Jason Fenton*

Thomas C. Riney
Texas Bar No. 16935100
tom.riney@uwlaw.com
C. Jason Fenton
Texas Bar No. 24087505
jason.fenton@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 S. Taylor, Suite 1200
Amarillo, Texas 79101
Phone:(806) 376-5613

Isaac Nesser – *Admitted Pro hac vice*
isaacnesser@quinnemanuel.com
Heather Christenson - *Admitted Pro hac vice*
heatherchristenson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

William A. Burck – *Admitted Pro hac vice*
williamburck@quinnemanuel.com
Christopher G. Michel - *Admitted Pro hac vice*
christophermichel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314

        Matthew Scheck - *Admitted Pro hac vice*
        matthewscheck@quinnemanuel.com
        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        300 West 6th Street, Suite 2010
        Austin, Texas 78701

        Elinor C. Sutton
        Texas Bar No. 24129804
        elinorsutton@quinnemanuel.com
        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        3100 McKinnon Street, Suite 1125
        Dallas, Texas 75201

        *ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of ***Plaintiff's Opposition to Defendants' Motion to Stay Discovery*** was this 20th day of February 2024, served on all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Kirk Manhardt                                         *VIA ECF*
Kevin P. Vanlandingham
Shane Huang
   Shane.huang@usdoj.gov
Samuel Hobbs
   samuel.hobbs@usdoj.gov
DEPARTMENT OF JUSTICE
Commercial Litigation Branch
Civil Division
PO Box 875, Ben Franklin Station
Washington, DC 20044
        *ATTORNEYS FOR THE UNITED STATES*

                                              */s/ C. Jason Fenton*
                                                C. Jason Fenton

# EXHIBIT A

| | |
|---|---|
| **From:** | Huang, Shane (CIV) <Shane.Huang@usdoj.gov> |
| **Sent:** | Tuesday, January 30, 2024 10:13 AM |
| **To:** | Isaac Nesser; Matthew Scheck; Christopher Michel; Tom Riney; Jason Fenton |
| **Cc:** | Hobbs, Samuel (CIV); VanLandingham, Kevin P. (CIV); Heather Christenson |
| **Subject:** | RE: TCB v. GNMA - US's initial disclosures |

**[EXTERNAL EMAIL from shane.huang@usdoj.gov]**

Isaac,

Our position is that the agency action at issue in this case is the extinguishment of RMF's interests on December 20, 2022, and that the parties dispute the consequences of that agency action. In addition, we understand the tortious interference and the promissory estoppel claims to involve the communications of your client and mine (in addition to other stakeholders in the RMF bankruptcy), leading up to the DIP financing being approved by the bankruptcy court on December 8, 2022.

Our position, therefore, is that anything that happened after December 20, 2022 is legally irrelevant to any claims or defenses we currently intend to raise.

If circumstances change, we may reevaluate our intended claims and defenses, and supplement the required disclosures accordingly.

Thanks,
Shane

**From:** Isaac Nesser <isaacnesser@quinnemanuel.com>
**Sent:** Tuesday, January 30, 2024 7:59 AM
**To:** Huang, Shane (CIV) <Shane.Huang@usdoj.gov>; Matthew Scheck <matthewscheck@quinnemanuel.com>; Christopher Michel <christophermichel@quinnemanuel.com>; Tom Riney <tom.riney@uwlaw.com>; Jason Fenton <Jason.Fenton@uwlaw.com>
**Cc:** Hobbs, Samuel (CIV) <Samuel.Hobbs@usdoj.gov>; VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** [EXTERNAL] Re: TCB v. GNMA - US's initial disclosures

Shane,
Can we please have the courtesy of a response to the below?

**From:** Isaac Nesser
**Sent:** Wednesday, January 24, 2024 5:59 PM
**To:** Huang, Shane (CIV); Matthew Scheck; Christopher Michel; Tom Riney; Jason Fenton
**Cc:** Hobbs, Samuel (CIV); VanLandingham, Kevin P. (CIV)
**Subject:** Re: TCB v. GNMA - US's initial disclosures

Shane,

1

Given that FRCP 26 requires disclosure of "the name ... of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," it is concerning that Defendants' disclosure only identifies "individuals [who] were present during discussions between HUD, Reverse Mortgage Funding, LLC ("RMF"), and Texas Capital Bank ("TCB") in December 2022...," including because the Complaint involves other facts and issues (e.g., just as an obvious example, the March 9 call during which FHA indicated it disagrees with GNMA's position).   Can you please explain?

Thanks,
Isaac

---

**From:** "Huang, Shane (CIV)" <Shane.Huang@usdoj.gov>
**Sent:** Wednesday, January 24, 2024 5:33 PM
**To:** Isaac Nesser; Matthew Scheck; Christopher Michel; Tom Riney; Jason Fenton
**Cc:** Hobbs, Samuel (CIV); VanLandingham, Kevin P. (CIV)
**Subject:** TCB v. GNMA - US's initial disclosures

**[EXTERNAL EMAIL from shane.huang@usdoj.gov]**

---

Counsel,

Please find attached the initial disclosures in *Texas Capital Bank v. GNMA*, Case No. 2:23-cv-00156 (N.D. Tex.).

We will be sending a shared file link shortly to the recipients of this email, through our Justice Enterprise File Sharing (JEFS) system. As stated in the disclosures, we will re-send these files through the agreed ESI production procedures, as soon as we finalize the ESI production stipulation.

Shane Huang
Trial Attorney
Corporate Financial Litigation Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Office: (202) 616-0341
Cell: (202) 598-3877

2