IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TEXAS CAPITAL BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>GOVERNMENT NATIONAL MORTGAGE ASSOCIATION; and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | Civil Action No. 2:23-cv-00156<br><br>Judge Kacsmaryk |

### RESPONSE OPPOSING PLAINTIFF'S MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

The United States, on behalf of its agency the Government National Mortgage Association ("GNMA" or "Ginnie Mae") and the U.S. Department of Housing and Urban Development ("HUD"), respectfully files this Response to Plaintiff's Amended Motion to Supplement the Administrative Record, ECF No. 96 (the "Motion").

### BACKGROUND

The United States filed a Motion for Summary Judgment ("Summary Judgment Motion") on all remaining counts on January 10, 2025. *See* ECF No. 84. In its supporting brief, the United States noted that the Court has already fully resolved the legal question at the heart of this case, that 12 U.S.C. § 1721(g)(1) authorized GNMA to extinguish any interest of Reverse Mortgage Funding LLC ("RMF") in the mortgages, and that the extinguishment had the consequence of eliminating all property interests that Plaintiff Texas Capital Bank ("TCB") held in those mortgages. *See* ECF No. 85, at 8–11.

1

TCB filed its Response Opposing Defendants' Motion for Summary Judgment, ECF No. 91, and contemporaneously moved to supplement the Administrative Record with the expert report of Robert S. Conway (the "Conway Report"), ECF No. 96. Consistent with the Court's Second Amended Scheduling Order, ECF No. 78, and the Court's Order Partially Staying Discovery, ECF No. 81, TCB had previously served the Conway Report on the United States on December 16, 2024.

## ARGUMENT

### I.  Supplementation of the Administrative Record with the Conway Report Is Not Appropriate or Useful for This Court to Decide the United States' Motion for Summary Judgment

Judicial review under the Administrative Procedure Act ("APA") is "ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *See* 5 U.S.C. § 706; *Dept. of Comm. v. New York*, 588 U.S. 752, 780 (2019). "Motions to supplement the record are rarely granted." *OnPath Fed. Credit Union v. U.S. Dep't of Treasury, Cmty. Dev. Fin. Inst. Fund*, 73 F.4th 291, 299 (5th Cir. 2023). "Supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Id.* (quoting *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010)). The Fifth Circuit has held that "[t]here are three situations where such motions might be granted:"

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision,
>
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

2

*OnPath*, 73 F.4th at 299 (quoting *Medina*, 602 F.3d at 706). District courts in the circuit recognize additional exceptions within these three unusual circumstances. *See Texas v. Biden*, 2021 WL 4552547, at *2 (N.D. Tex. July 19, 2021) (Kacsmaryk, J.) (citing cases and listing exceptions). TCB relies on only one of these exceptions, which permits the introduction of extra-record evidence "[w]hen a case is so complex that a court needs more evidence to enable it to understand the issues clearly." *Id*.

TCB previously moved for summary judgment on its APA claim without seeking to supplement the administrative record with the Conway Report. Evidently, TCB did not believe the case was "so complex that [the] court need[ed] more evidence to enable it to understand the issues clearly" until after the court decided those issues against TCB. *Id.* The court has already demonstrated that it is capable of resolving the question of statutory interpretation presented in the Summary Judgment Motion—whether "mortgages constituting the trust or pool against which the guaranteed securities are issued" refers to entire mortgages—without the assistance of a party's expert. *See* ECF No. 85, at 10. The Conway Report does not provide any materials facts that are not already in the administrative record, and which the court has already shown it understands.[1]

The statute authorizes the extinguishment of interests in entire mortgages, no matter how different parts of those mortgages may be treated under specific government programs. MSJ Opinion, ECF No. 79, at 12. The factual background underlying reverse mortgage securities may

---

[1] The Conway Report also misstates key facts. For example, the Conway Report incompletely defines "Participations" as "[p]ortions of a HECM loan," and repeatedly refers to "Tail Participations." Conway Report at 3. In fact, a "Participation" refers to the portions of a HECM loan ***that have already been securitized***. *See* ECF No. 53-3 at 17, 131. It makes no sense to use the term "Tail Participations," since Tails are the parts of a mortgage that have ***not*** been securitized. This basic error leads to numerous incorrect statements in the Conway Report and in TCB's opposition to the Summary Judgment Motion. More importantly, the court uses the terms "Participations" and "Tails" correctly in its MSJ Opinion, ECF No. 79 at 4–5, underscoring that the Conway Report is unnecessary.

3

be complex, but the legal question presented on the Summary Judgment Motion is not, and the Court does not "need[] more evidence to enable it to understand the issues more clearly." *Texas*, 2021 WL 4552547, at *2. The Court should therefore resolve the legal issue without relying on materials outside of the administrative record. *See* 5 U.S.C. § 706; *New York*, 588 U.S. at 780.

## II.     Mr. Conway's Opinion Is Not Admissible Expert Opinion Because It Intrudes on This Court's Role Interpreting the Law

Mr. Conway's opinion, seeking to overturn the Court's prior legal conclusions, is not proper expert opinion under the Federal Rules of Evidence. Expert opinion is appropriate only when such opinion "will help the trier of fact to understand the evidence or to determine a fact at issue." Fed. R. Evid. 702. Accordingly, opinions on pure questions of law are not admissible, as such testimony would "undermine the judge's power to decide the law." Wright & Miller, 29 Fed. Prac. & Proc. Evid. § 6265.2 (2d ed. 2024); *see also Reitz v. Woods*, 85 F.4th 780, 788 (5th Cir. 2023) ("[A]n expert may *never* render conclusions of law."); *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) ("Experts cannot render conclusions of law or provide opinions on legal issues.") (internal quotation marks omitted).

Both parties agree that the key question presented on the Summary Judgment Motion is whether the statutory phrase "mortgages constituting the trust or pool," in 12 U.S.C. § 1721(g)(1), means entire mortgages or only the portions of such mortgages that have been securitized. *See* ECF No. 85, at 10; ECF No. 93, at 7–8. Questions of statutory interpretation are questions of law. *See, e.g.*, *Oliver v. Arnold*, 3 F.4th 152, 161 (5th Cir. 2021) (citing *Kemp v. G.D. Searle & Co.*, 103 F3d 405, 407 (5th Cir. 1997)). Accordingly, under Fed. R. Evid. 702, the proffered testimony or report of Mr. Conway is not appropriate for resolving this legal question. *Reitz*, 85 F.4th at 788.

The complexity of the programs and procedures built on that statutory foundation do not transform the task of statutory interpretation into a complex fact question, or a fact question at all.

4

Therefore, TCB is incorrect to describe the Court's task as "applying 12 U.S.C. § 1721(g)(1) to a highly complex administrative program (HMBS) and highly complex property interests (the unsecuritized tails)," as if the program and property interests at issue could exist independent of the statute. Rather, the enabling statute itself is a simple Congressional authorization that "empowered" GNMA, even if GNMA subsequently used that power to administer complexity within that program. 12 U.S.C. § 1721(g)(1). The complexity described in TCB's Motion and the Conway Report is therefore a red herring with respect to the statutory question at the heart of the Summary Judgment Motion, and Mr. Conway's opinion would therefore not provide useful context to "help" this Court "to understand the evidence" in the record. *See* Fed. R. Evid. 702.

### III.     The Conway Report Is Too Narrow in Scope to Be Helpful.

In addition, the Conway Report, which only purports to opine on "reverse mortgages and the reverse mortgage industry," Conway Report 4, is too narrow in scope to help interpret statutory text that applies equally to reverse mortgages as it does to forward mortgages.[2] Mr. Conway's narrow focus on only the reverse mortgage industry fails to recognize the broad applicability of the statute to forward and reverse mortgages and therefore cannot help the Court interpret that statute. In empowering GNMA to extinguish an issuer's interest in mortgages upon default, 12 U.S.C. § 1721(g) makes no mention of the word "Participations," "Tails," or any other description limited to HECMs, because the statute is not limited to the reverse mortgage industry or to Mr. Conway's purported experience in that industry.

Moreover, Mr. Conway's experience and report are misaligned with the core issue presented on this Motion. Mr. Conway fails to analyze the consequences of an issuer default and

---

[2] For example, TCB cites Mr. Conway's opinion that "Participations—not entire HECM loans—are the relevant economic units in the reverse mortgage industry," and correctly notes that there are no "Participations" related to forward mortgage loans. Resp. 10.

extinguishment, as happened in this case, but instead addresses how the HECM and HMBS programs operate in his view of the ordinary course, with a hypothetical solvent issuer and servicer.[3] In describing the background of the HECM and HMBS programs, Mr. Conway imprecisely[4] describes balances, draws, Participations, and Tails, Conway Report ¶¶ 13–22, and how issuers like RMF may rely on financing from lenders such as TCB, Conway Report ¶¶ 23–24, solely from an ordinary course perspective when issuers and servicers are solvent and fulfilling all obligations as they come due. Mr. Conway goes on to refer back to those ordinary course descriptions in opining that "un-securitized tails are distinct from pooled mortgages," Conway Report ¶¶ 45–52. Critically, Mr. Conway's opinion does not engage with the process of how GNMA takes full title to the entire mortgages upon their inclusion in the HMBS program, and the effects of extinguishment under the operative language of the Guaranty Agreement and the MBS Guide. Accordingly, the Conway Report provides little to no help to this Court in interpreting the statutory text that authorizes extinguishment of interests in both forward and reverse mortgages.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiff's Motion.

---

[3] For example, Mr. Conway's opinion relies on his general experience "[p]rior to RMF's bankruptcy," Conway Report ¶ 49, regarding draws, participations, and tails relating to a solvent issuer in good standing. Conway Report ¶¶ 15–17, 20–22.

[4] *See supra* footnote 2.

Dated: March 14, 2025             Respectfully submitted,

*/s/ Shane Huang*
KIRK MANHARDT
KEVIN P. VANLANDINGHAM
SHANE HUANG
Illinois ARDC # 6317316
SAMUEL HOBBS
Alabama Bar # 9776O19E
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044
TEL: (202) 616-0341
FAX: (202) 514-9163
Email: shane.huang@usdoj.gov

*Attorneys for the United States*